UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ACCEPTANCE INDEMNITY INSURANCE COMPANY, | |
| Applicant, | |
| v. | No. 5:23-MC-009-H-BQ |
| FRANKFORD FARMS, LLC, | |
| Respondent. | |

## ORDER

In this case, the parties dispute whether there is a sufficient amount in controversy to invoke this Court's diversity jurisdiction. *See* Dkt. Nos. 1; 5; 6. The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that this case be stayed pending the Fifth Circuit's decision regarding how to determine the amount in controversy in a similar umpire-appointment case. Dkt. No. 15. Having reviewed the FCR for plain error and finding none, the Court adopts the FCR and stays this case. The Court also notes that the record does not sufficiently establish complete diversity. The citizenship issue can be resolved before the Fifth Circuit issues its decision. Thus, the Court directs the applicant to file a response to this Order on or before May 3, 2024, that properly alleges the respondent's citizenship.

**1.     The Court adopts the FCR.**

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that this case be stayed pending the Fifth Circuit's decision in *Sentry Insurance v. Morgan*, No. 23-10888 (5th Cir. appeal docketed Aug. 25, 2023). Dkt. No. 15 at 1–2. No objections to the FCR were filed.

Where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions, and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). The District Court has reviewed the FCR for plain error. Finding none, the Court accepts and adopts the FCR. It is ordered that this case is abated and stayed pending the conclusion of appellate proceedings in *Sentry Insurance v. Morgan*, No. 23-10888, pending in the United States Court of Appeals for the Fifth Circuit. Accordingly, this case is administratively closed for statistical purposes. The parties are ordered to notify the Court of the status of this case and the Fifth Circuit's holding in *Sentry Insurance* within 14 days following the entry of the Fifth Circuit's opinion in that case. At that time, the Court will re-evaluate the stay.

2. **The applicant is ordered to properly identify the respondent's citizenship.**

In addition to the dispute over the amount in controversy, the record before the Court does not sufficiently establish the respondent's citizenship. Although the parties have not disputed whether complete diversity exists, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Pursuant to 28 U.S.C. § 1332, a district court has subject-matter jurisdiction over a civil action between citizens of different states when the amount in controversy exceeds $75,000, exclusive of costs or interest. 28 U.S.C. § 1332; *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022). "To properly allege diversity jurisdiction under [Section] 1332, the parties need to allege 'complete diversity.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). "[I]f any

plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Advanced Indicator*, 50 F.4th at 473. The party invoking the Court's subject-matter jurisdiction bears the burden of establishing jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

To determine a party's citizenship, a court must first consider whether the party is an individual, a corporation, or an unincorporated entity. An individual is a citizen of his state of domicile. *MidCap Media Fin.*, 929 F.3d at 313. While an individual's residence is prima facie evidence of his domicile, residence is "not synonymous" with domicile and citizenship. *Id.* (quotation omitted). "Domicile requires the demonstration of two factors: residence and the intention to remain." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007). A corporation is "a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). Unincorporated entities such as partnerships, limited liability companies, and proprietorships share the citizenship of all of their partners, members, or owner-operators, respectively. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). For these unincorporated entities, the party invoking the Court's subject-matter jurisdiction must "apply[] the appropriate tests for citizenship" to those members and trace the citizenship of that entity through the various organizational layers as necessary. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009). Importantly, "a party 'must specifically allege the citizenship of every member of every LLC.'" *MidCap Media Fin.*, 929 F.3d at 314 (quotation omitted).

The applicant, Acceptance Indemnity Insurance Company, is a citizen of Nebraska because it is incorporated in Nebraska and has its principal place of business in Nebraska. Dkt. No. 1 at 2. The respondent, Frankford Farms, LLC, is a limited liability company. *Id.* at 1. Thus, its citizenship depends on the citizenship of its members. *See MidCap Media Fin.*, 929 F.3d at 314. However, the applicant's motion to appoint an umpire only alleges that Frankford Farms "is a limited liability company incorporated in the state of Texas with a registered business address" in Texas. Dkt. No. 1 at 1. The applicant does not identify Frankford Farms' members or the members' citizenship. *See id.* Thus, the allegation about Frankford Farms' state of formation and business address is insufficient to establish that it is a citizen of Texas.

Because the applicant has not "specifically allege[d] the citizenship of every member of every LLC," the Court cannot be certain that complete diversity exists. *See MidCap Media Fin.*, 929 F.3d at 314 (quotation omitted). Accordingly, the Court directs the applicant to file a response to this Order that properly identifies Frankford Farms' citizenship on or before May 3, 2024. If the applicant sufficiently establishes complete diversity, the stay of this case will continue. If the applicant fails to establish complete diversity, the Court must dismiss this case. *See* Fed. R. Civ. P. 12(h)(3).

**3.  Conclusion**

Having reviewed the FCR (Dkt. No. 15) for plain error and finding none, the Court adopts the FCR. This case is abated and stayed until the conclusion of appellate proceedings in *Sentry Insurance v. Morgan*, and the Clerk's Office is directed to administratively close the case for statistical purposes. The parties are directed to notify the Court of the status of this case and the Fifth Circuit's holding within 14 days of the opinion

in *Sentry Insurance*. Finally, the applicant is ordered to properly identify the citizenship of the respondent by May 3, 2024.

So ordered on April 12, 2024.

*[signature]*

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE